## State of Connecticut *v.* Angel Gonzales
## (11476)

Peters, C. J., Healey, Parskey, Shea and Santaniello, Js.

Argued October 12, 1984—decision released April 30, 1985

*Bruce A. Sturman,* assistant public defender, for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, with whom were *Patrick J. Clifford,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

SANTANIELLO, J. The sole issue presented by this appeal is whether the trial court's failure to release to the defendant certain portions of a witness' pretrial statement constitutes harmful error.

The defendant, Angel Gonzales, was convicted of three counts of first degree robbery, one count of conspiracy to commit first degree robbery and one count of second degree larceny; General Statutes §§ 53a-134 (a) (2), 53a-48, and 53a-119, 53a-119 (8) and 53a-123 (a) (1); in connection with the October 26, 1978 robbery of a Lums restaurant in Cheshire. At trial Eric Colon, an acquaintance of the defendant, testified for the state, providing damaging evidence of the defendant's involvement in the crimes charged. Prior to trial Colon had given a lengthy statement to the Enfield police department, in which he supplied detailed information about his own and the defendant's criminal activities. Colon was not a participant in the Cheshire Lums robbery. At the close of Colon's direct examination the state provided the defendant with seven pages of Colon's 103 page pretrial statement. The defendant requested the remainder of the statement, claiming that without it he would be unable to conduct a full cross-examination of Colon. The state refused and the defendant thereupon moved that the trial court examine the statement in camera to determine whether any portion

of it related to Colon's direct testimony, and if it so found, to turn such portion over to the defendant. The court denied the motion, and defense counsel proceeded to cross-examine Colon without the remainder of the statement.

Following his conviction the defendant appealed, inter alia, the trial court's refusal to review the statement. We held, in *State* v. *Gonzales,* 186 Conn. 426, 430-36, 441 A.2d 352 (1982), that Practice Book §§ 752 and 753[1] compelled the trial court, on the defendant's motion, to inspect the statement for any matter relating to the subject matter of the witness' direct testimony and to turn these portions of the statement over

---

[1] "[Practice Book] "Sec. 752. ——PRODUCTION FOLLOWING TESTIMONY

"After a witness called by the state has testified on direct examination at trial, the judicial authority shall, on motion of the defendant, order the state to produce any statement of the witness in the possession of the state or its agents, including state and local law enforcement officers, which statement relates to the subject matter about which the witness has testified."

"Sec. 753. ——DELIVERY AND EXCISION OF STATEMENTS

"If the entire contents of a statement requested under Sec. 752 relate to the subject matter of the testimony of the witness, the judicial authority shall order the statement to be delivered directly to the defendant or his counsel for his examination and use. If the prosecuting authority claims that any statement ordered to be produced under Sec. 751 contains matter which does not relate to the subject matter of the testimony of the witness, the judicial authority shall order the prosecuting authority to deliver such statement for the inspection of the judicial authority in camera. Upon such delivery, the judicial authority shall not disclose that portion of such statement which does not relate to the subject matter of the testimony of the witness. With such material excised or obliterated, the judicial authority shall then direct delivery of such statement to the defendant or his counsel for his use. If, pursuant to this procedure, any portion of such statement is withheld from the defendant or his counsel and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be sealed and preserved as an exhibit in the case, and, in the event that the defendant appeals, it shall be made available to the appellate court and, unless for good cause the trial court orders otherwise, to counsel for the parties for the purpose of determining the correctness of the ruling of the judicial authority."

to the defendant.[2] We remanded to allow the trial court to conduct such an examination. *State* v. *Gonzales,* supra, 436. On remand, the court determined that none of the undisclosed portions of Colon's statement related to his direct testimony, and accordingly refused to release any additional information to the defendant. The trial court then ordered the statement sealed.

The defendant filed consecutive motions for inspection in the trial court and in this court, and, after both motions were denied, brought the present appeal. The defendant could not, however, claim error in the trial court's conclusions on remand, since he had never actually viewed Colon's statement. He thus requested that we review the statement as against Colon's testimony on the stand to determine whether the court erred in finding that no part of the statement related to the subject matter of the testimony.

Subsequent to the proceedings on remand, and in the course of preparing its brief, appellate counsel for the state "read the sealed statement for the first time and concluded that certain undisclosed portions did in fact relate to Colon's testimony." The state then turned these portions over to the defendant by way of an appendix to its brief, in violation of the trial court's order sealing the statement.[3] Thus, at the time of oral

[2] We also held in *State* v. *Gonzales,* 186 Conn. 426, 429, 441 A.2d 852 (1982), that the trial court had properly admitted into evidence the testimony of police officers as to radio broadcasts they had heard concerning the Lums robbery.

[3] A document sealed by court order can be unsealed only by another appropriate court order. No court officer or staff member has the right sua sponte to unseal such a document. The assistant state's attorney, in unsealing the entire Colon statement and releasing a portion of it to the defendant, acted in complete derogation of the court's order sealing the statement. Although in unsealing the statement the state acted in what it believed was the defendant's best interest, and although the assistant state's attorney apologized to this court, which apology was accepted, the state simply does not have the authority, under any circumstances, to unseal documents by its own volition. This includes documents sealed at the state's request. The assistant state's attorney's actions in this case were inappropriate and violative of his sworn duties and obligations as an officer of the court.

argument the defendant had in his possession approximately fourteen pages of Colon's statement, seven of which were released at trial and seven that were released by the state on appeal.

This court then reviewed the remainder of the statement. We concluded that additional portions, beyond those already given to the defendant by the state, also related to Colon's testimony and that the trial court erred in not releasing them to the defendant. Practice Book §§ 752 and 753. We therefore issued an order unsealing and releasing these portions to the defendant, and directing the parties to file supplemental briefs on the question of whether the trial court's action constituted reversible error.

On rebriefing the defendant claims error in the trial court's failure to release that portion of the statement subsequently released by the state in its appendix. The defendant raises no claims in regard to the portion released by this court. The question that we must now address is "whether the [trial] court's error in this regard was so prejudicial to the rights of the defendant as to deprive him of a fair trial, and so, to constitute harmful error." (Citations omitted.) *State* v. *Ruth,* 181 Conn. 187, 196, 435 A.2d 3 (1980). "Stated another way, the question is 'whether the claimed erroneous action of the court would have been likely to affect the result.' *State* v. *McClain,* 171 Conn. 293, 300, 370 A.2d 928 (1976); see *State* v. *Tropiano,* 158 Conn. 412, 427, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 (1969)." *State* v. *Ruth,* supra, 196–97. As we noted in *State* v. *Gonzales,* supra, 436 n.8, since the defendant does not allege the violation of a constitutional right, he carries the burden of proving the harmfulness of this error. See *State* v. *Ruth,* supra, 197; *State* v. *Pepe,* 176 Conn. 75, 81, 405 A.2d 51 (1978); *State* v. *Sorbo,* 174 Conn. 253, 257, 386 A.2d 221 (1978). It is our view that the defendant has not met that burden.

At trial Eric Colon was questioned at length concerning outstanding arrest warrants currently pending against him, and the favorable treatment he expected to receive on those warrants in exchange for testifying against the defendant. Colon stated on direct examination that he was presently incarcerated in Hartford, where two charges of robbery in the first degree were pending against him in Hartford Superior Court, and that he also had robbery charges pending in Hamden, Connecticut, and West Springfield, Massachusetts. He stated that in return for his testimony he expected to have one of the Hartford robbery charges nolled, and to be given a sentence for the other of no more than five years, and he expected to receive a concurrent, equivalent five year sentence for the Hamden robbery.

On cross-examination Colon again acknowledged the two pending first degree robbery charges, which he knew together carried a maximum sentence of forty years. He affirmed that he would actually be getting only five years and could be paroled in fifteen months. Colon also testified in more detail concerning the Hamden warrant. He agreed that it contained seven counts of first degree robbery, carrying a maximum of twenty years each, seven counts of conspiracy to commit first degree robbery, carrying a maximum of twenty years each, and seven counts of reckless endangerment, carrying a maximum of five years each. Colon acknowledged he would receive concurrent terms for each count, the total effective sentence for all the charges combined being no more than five years. He also again admitted being given the favorable sentence partly in exchange for testifying against the defendant. Cross-examination of Colon further elicited additional charges pending in Hartford for possession of marijuanna and second degree larceny, although it became clear on redirect that no agreements with the state existed as to these crimes.

The portion of Colon's pretrial statement on which the defendant bases his claim of error focuses on the factual details of the Hamden robbery. The robbery occurred at a dance hall called H. L. Wilfred's. In the statement Colon told the police that he, the defendant, and another man entered Wilfred's, each armed with a gun. They ordered the patrons to lie on the ground while the defendant led the manager to the back of the dance hall to retrieve money from a safe. At least one of the patrons was hit with the butt of a shotgun when he tried to raise his head off the floor. Colon also stated that while he guarded the patrons, the third man removed their wallets. All three then fled Wilfred's in a stolen car, which they later abandoned along a street in Hartford.

As we have previously noted, the trial court erred in not releasing this information to the defendant at trial because it related to Colon's admission on the stand that an arrest warrant for a Hamden robbery was outstanding against him. The defendant claims that the trial court's action constitutes harmful error because the information was essential to proper impeachment of Colon, who was a pivotal witness for the state. It is our view, however, that the jury already had before it abundant evidence of Colon's involvement in various criminal activities, and that therefore its determination of the weight to be accorded Colon's testimony would not have been significantly affected by Colon's description of the H. L. Wilfred's robbery. To the extent that the defendant could have used the evidence to impeach Colon, the evidence was cumulative because Colon had been impeached during cross-examination for numerous other criminal acts.

The jury in the present case heard Colon admit to robbery charges pending out of Hamden, and to numerous other outstanding warrants for robbery, conspiracy, reckless endangerment, possession of marijuana,

and second degree larceny. The jury also heard evidence that Colon would be receiving favorable sentencing treatment for most of these charges in return for testifying against the defendant. In light of all the evidence elicited at trial concerning Colon's criminal activities, the jury had before it more than ample evidence on which to base an accurate assessment of Colon's credibility. The benefit to the defendant of having the additional information contained in Colon's pretrial statement is too slight to overcome the defendant's burden of proving harmful error. *United States* v. *Truong Dinh Hung,* 667 F.2d 1105, 1107 (4th Cir. 1981), cert. denied, 454 U.S. 1144, 102 S. Ct. 1004, 71 L. Ed. 2d 296 (1982).

There is no error.

In this opinion the other judges concurred.