STATE OF CONNECTICUT *v.* STEPHEN B. ZWIRN
(13216)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued December 13, 1988—decision released April 4, 1989

*Donald R. Holtman,* for the appellant (defendant).

*Robert J. Enright,* special assistant state's attorney, for the appellee (state).

COVELLO, J. On September 9, 1985, the defendant, Stephen Zwirn, was charged with two counts of the crime of sexual assault in the fourth degree, in violation of General Statutes § 53a-73a,[1] and two counts of

---

[1] General Statutes § 53a-73a provides: "SEXUAL ASSULT IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of sexual assault

the crime of risk of injury or impairing the morals of children, in violation of General Statutes § 53-21.[2] On January 28, 1986, the trial court granted the state's motion to videotape the alleged victims' testimony outside the presence of the defendant. Each child so testified. On May 9, 1986, the defendant was convicted by a jury of two counts of risk of injury to children, and acquitted of two counts of sexual assault. The trial court, *Brennan, J.,* sentenced the defendant to two and one-half years on each count, execution suspended, and three years probation on each count to run concurrently. The defendant appealed his conviction to the Appellate Court. We thereafter transferred the appeal to ourselves pursuant to Practice Book § 4023.

While this appeal was pending we remanded the matter to the trial court and ordered an evidentiary hearing addressing the criteria set forth in *State* v. *Jarzbek,* 204 Conn. 683, 704–705, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 932 (1988). Pursuant to this order the trial court,

in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age, or (B) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual contact, or (C) physically helpless, or (D) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (E) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person; or (2) such person subjects another person to sexual contact without such other person's consent, or (3) such person engages in sexual contact with an animal or dead body.

"(b) Sexual assault in the fourth degree is a class A misdemeanor."

[2] General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

*Schimelman, J.,* concluded that the state had not met its burden of proving that the defendant's presence would have had an adverse effect on the children's ability to testify truthfully.

On appeal, the defendant claims that the trial court erred: (1) in failing to instruct the jury that sexual impropriety or indecency was a requisite element of the predicate act that formed the basis for the charge of risk of injury to a child; (2) in denying the defendant's motion for a judgment of acquittal which claimed that the evidence was insufficient to support a finding that any act of the defendant exposed the alleged victims to any risk of injury; and (3) in granting the state's motion to videotape the children's testimony.[3] We agree with the defendant that the trial court erred in granting the state's motion to videotape the alleged victims' testimony. Accordingly, we remand for a new trial.

The jury could reasonably have found the following. The defendant was a former friend and lover of the victims' mother. At the time of the alleged incidents, the children were eight and nine years old respectively.

---

[3] The defendant argues in addition that the trial court erred: (1) by permitting the older sister of the alleged victims to be present at the videotaping of their testimony without any showing of justifying circumstances; (2) in excluding the testimony of third persons as to conversations they had had with the defendant regarding the children as tending to show that the defendant's attitude toward the children was inconsistent with guilt; (3) in overruling the defendant's objection to a proffer of evidence by the state tending to show possible prior inconsistent statements on wholly collateral matters not inquired into on direct examination of the defendant; (4) in permitting the state to amend the information after both the state and the defendant had rested their cases-in-chief; and (5) in allowing hearsay testimony under the constancy of accusation exception to the hearsay rule when the defendant was not contesting the substantial accuracy of the facts testified to by the minor witnesses. As these remaining claims may not arise in the course of a new trial, we decline to consider them at this juncture.

Between September, 1984, and April, 1985, the defendant occasionally picked up the children from school and took them shopping, out to eat or to his home. On more than one occasion the defendant put his hand down the victims' "underpants in the back and moved his fingers around." This activity took place in his car, in his house, and sometimes in the victims' house. The defendant admits to the substantial accuracy of these facts, but claims that the acts were committed in a playful manner, not in a sexual or indecent manner as the state charges.

I

The defendant's first claim is that the trial court erred in granting the state's motion to videotape the testimony of the two victims. After the defendant's brief had been filed and before oral argument, this court remanded the case to afford the trial court an opportunity to supplement the record addressing the criteria set forth in the recently decided *State* v. *Jarzbek,* supra. In *Jarzbek* we held that, in appropriate circumstances, it was constitutionally permissible to videotape the testimony of a minor victim outside the presence of the defendant. The state, however, must prove by clear and convincing evidence that the defendant's presence would have an adverse effect on the child's ability to testify truthfully. Id., 704. We also stated that "[i]f the court concludes [on remand] that the state has not met its burden of proving such a need by clear and convincing evidence, the defendant is entitled to a new trial from which the videotaped testimony of [the victims] must be excluded." Id., 708.

At the evidentiary hearing in this case, the trial court, *Schimelman, J.,* found that the state had not met "its burden of proof with respect to either child that the trustworthiness of his or her testimony would be seri-

ously called into question by the physical presence of the defendant." The state argues, however, that by admitting to the substantial veracity of the children's testimony, the defendant waived his *Jarzbek* claim. We disagree.

The focus in *State* v. *Jarzbek,* supra, was on the trustworthiness of the minor victim's testimony in the physical presence of the defendant. It was not, as the state's argument implies, on the truthfulness of the videotaped testimony. Admission by the defendant of the veracity of the minor victims' videotaped testimony is not equivalent to an admission that the testimony of the minor victims would not be trustworthy if given in the defendant's presence. We find, therefore, the state's argument to be without merit. Accordingly, there is error. See id., 708.

## II

Because it is likely to arise at the defendant's new trial we will address the defendant's further claim of error. He argues that the trial court erred in its charge to the jury. The trial court instructed the jury that in order to find the defendant guilty of risk of injury to a child the state had to prove the following three elements: "Number one, that at the time of the incident, the alleged victims, and here we have two children . . . were under the age of 16. That's the first one. And on the second one, the defendant did an act which was likely to impair the health or morals of the children, [and the third one, that] the defendant had the general intent to perform such an act." The defendant contends that the charge failed to state that this crime requires an element of sexual impropriety or indecency in the predicate act which the state claims was allegedly committed by the defendant. We agree.

*State* v. *Pickering,* 180 Conn. 54, 428 A.2d 322 (1980), "establishe[d] the governing standard for prosecutions involving likely moral impairment of a minor." *State* v. *Schriver,* 207 Conn. 456, 465, 542 A.2d 686 (1988). *Pickering* made " 'it clear that the deliberate touching of the private parts of a child under the age of sixteen in a *sexual and indecent manner* is violative of' " General Statutes § 53-21. (Emphasis added.) *State* v. *Schriver,* supra, 463, quoting *State* v. *Pickering,* supra, 64. Without the requirement that the act be done in a sexual and indecent manner, there would be no legal distinction between touching a child's private parts in an innocent manner, e.g., for necessary medicinal or hygenic purposes, and touching a child's private parts in a manner that violates the statute. It is not the act itself that is likely to impair the morals of a child, but the manner in which the act is performed.

The trial court erred, therefore, in failing to instruct the jury that, in order to convict the defendant of violating § 53-21, it must find proven beyond a reasonable doubt that the defendant touched the children's private parts in a sexual and indecent manner.[4] The further question remains as to whether this error was harmless.

"[T]he due process clause requires that every fact necessary to constitute the crime of which an accused stands charged must be proven beyond a reasonable doubt before a conviction." *State* v. *Haddad,* 189 Conn. 383, 388–89, 456 A.2d 316 (1983).

---

[4] Our opinion on this issue is simply a reaffirmation of our position in *State* v. *Pickering,* 180 Conn. 54, 428 A.2d 322 (1980), i.e., that in order to convict a defendant of violating General Statutes § 53-21 the state must prove that the predicate act was committed in a sexual and indecent manner. We are not suggesting, however, that the state must prove that the defendant committed the act with the specific intent to impair the morals of a child. This position, therefore, is consistent with our holding in *State* v. *McClary,* 207 Conn. 233, 240, 541 A.2d 96 (1988), and the cases cited therein.

"The court's instructions on the offense charged must include every element of that offense." *State* v. *Griffin,* 175 Conn. 155, 163, 397 A.2d 89 (1978). In order to charge the jury correctly with the elements necessary to constitute the offense of risk of injury to a child, the trial court should have stated that in order to convict the defendant, the jury had to find that the act committed was done in a sexual and indecent manner. This it did not do.

"When an error is of constitutional dimension, the state has the burden of proving it harmless beyond a reasonable doubt." *State* v. *Plourde,* 208 Conn. 455, 468, 545 A.2d 1071 (1988), cert. denied,    U.S.   , 109 S. Ct. 847, 102 L. Ed. 2d 979 (1989). The state did not address this issue in its brief or in oral argument. An examination of the record discloses, however, that this error was not harmless beyond a reasonable doubt.

"The defendant was entitled to have the jury correctly and adequately instructed on the pertinent principles of substantive law." *State* v. *Cooper,* 182 Conn. 207, 210, 438 A.2d 418 (1980). "It cannot be considered harmless error for a jury 'to find an accused guilty without even knowing what are the essential elements of the crimes charged.' " *State* v. *Gabriel,* 192 Conn. 405, 414, 473 A.2d 300 (1984), quoting *State* v. *Griffin,* supra, 162–63. Even if the *Jarzbek* issue were not present, a new trial would be necessary because of the deficiencies in the jury instructions. See *State* v. *Harman,* 198 Conn. 124, 134, 502 A.2d 381 (1985); *State* v. *Kurvin,* 186 Conn. 555, 561, 442 A.2d 1327 (1982).

## III

The defendant further claims that the trial court erred in denying his motion for acquittal because the evidence was insufficient to support a finding that any of his acts subjected the alleged victims to any risk of

injury. He argues that the state failed to prove that his acts were done in a sexual and indecent manner. Since a new trial would be barred on grounds of double jeopardy if the state had not produced sufficient evidence at this trial, we will also consider this claim of error.

As previously noted, the defendant had contact with the alleged victims on a number of occasions in a number of different circumstances and had placed his hand down their pants and "moved his fingers around." The defendant claimed this to be a form of horseplay. On the basis of its assessment of what was done, the number of times it was done and the acccompanying circumstances, a jury could have found that these acts at some point rose to the level of the sexual and indecent conduct prohibited by the statute. We therefore conclude that a factual basis existed within the evidence offered to have found the defendant guilty of violating § 53-21.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other justices concurred.