### STATE OF CONNECTICUT v. JAMES LEWIS (12960)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued March 8—decision released May 16, 1989

---

186

*Daniel V. Presnick,* for the appellant (defendant).

*Steven M. Sellers,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, *Gerard F. Esposito,* assistant state's attorney, and *Michael E. O'Hare,* former assistant state's attorney, for the appellee (state).

COVELLO, J. The defendant, James Lewis, was charged with three counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1),[1] and three counts of risk of injury to, or impairing the morals of, children in violation of General Statutes § 53-21.[2] The state alleged that on divers dates

---

[1] General Statutes (Rev. to 1983) § 53a-71 (a) provides: "SEXUAL ASSAULT IN THE SECOND DEGREE: CLASS C FELONY: NINE MONTHS NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under fifteen years of age . . . ."

[2] General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

during 1984 and 1985, the defendant sexually abused his three minor children, J, C and G, then ages 7, 5 and 2, respectively. Prior to trial, the state filed a motion to allow the testimony of the three minor victims to be presented on videotape. At a hearing conducted on its motion the state presented the testimony of a clinical psychologist. The trial court concluded that there were compelling reasons to videotape the children's testimony and granted the state's motion.

During the jury trial that followed, the state presented the videotaped testimony of J and C, electing not to present the videotaped testimony of G because it concluded that G was not a competent witness. The jury returned a guilty verdict on all six counts. The trial court sentenced the defendant to four years on each of the three sexual assault counts, to run concurrently, and to a term of ten years with execution suspended and placed on probation for five years, on each of the three risk of injury counts, to run concurrent with each other and consecutive to the sexual assault counts. The defendant was thus committed to a total effective sentence of fourteen years with execution suspended after four years and probation for five years. The defendant thereafter appealed his conviction.

After the parties filed their briefs, but before oral argument, this court decided *State* v. *Jarzbek,* 204 Conn. 683, 529 A.2d 1245 (1987), cert. denied, U.S. , 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988). The sole issue in *Jarzbek* was "whether, in a criminal prosecution involving alleged sexual abuse of children, a minor victim may testify through the use of a videotape made outside the physical presence of the defendant." Id., 684. We held that "in criminal prosecutions involving the alleged sexual abuse of children of tender years, videotaping the testimony of a minor victim outside the physical presence of the defendant is a constitutionally permissible practice if, and only if, the state proves by

clear and convincing evidence a compelling need to exclude the defendant from the witness room during the victim's testimony." Id., 707. The state must show "that the minor victim would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question." Id., 704–705. In deciding whether the state has met its burden, the trial court must, on a case-by-case basis, "balance the individual defendant's right of confrontation against the interest of the state in obtaining reliable testimony from the particular minor victim in question." Id., 704; see also *State* v. *Zwirn,* 210 Conn. 582, 556 A.2d 588 (1989); *State* v. *Spigarolo,* 210 Conn. 359, 556 A.2d 112 (1989); *State* v. *Snook,* 210 Conn. 244, 555 A.2d 390 (1989); *State* v. *Bonello,* 210 Conn. 51, 554 A.2d 277 (1989).

On September 9, 1987, the state filed a motion for articulation in this case with respect to the three issues raised by this court in the *Jarzbek* decision. The state's motion propounded the following questions to the trial court: "(1) In ruling on the State's motion to videotape the testimony of the two minor victims pursuant to General Statutes § 54-86g, did this Court find that the State had demonstrated a 'compelling need' for excluding the defendant from the witness room, as now required by *State* v. *Jarzbek,* [supra, 704]? (2) If this Court did find a 'compelling need' to exclude the defendant from the witness room during the videotaping of the minor victims' testimony, did the State prove this compelling need by showing that 'the minor victim[s] would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim[s'] testimony would be seriously called into question,' as now required by *State* v. *Jarzbek,* [supra, 705]? (3) If this Court did find a 'compelling need' to exclude the defendant from the witness room during

the videotaping of the minor victims' testimony to ensure the trustworthiness of the victims' testimony, did the State prove this compelling need by 'clear and convincing evidence' as now required by *State* v. *Jarzbek,* [supra]?''

The trial court responded to these questions in an articulation dated September 16, 1987, as follows: "(1) Yes; (2) Yes; (3) Yes as to the minor child [J] only." Thus, the trial court found that the state had met its burden of proof with respect to the videotaped testimony of J, but had not met this burden with respect to C. On October 2, 1987, we remanded this case and directed the trial court to afford the parties an opportunity to supplement the record at an evidentiary hearing addressing the criteria set forth in *Jarzbek.* In response to this order a further hearing was held on November 5, 1988. At that time the state informed the trial court that neither the state nor the defendant could locate the complainant mother and the three children. In its memorandum of decision, the trial court noted the state's inability further to supplement the record and determined that it had complied with the order of remand.

On appeal the defendant argues that the trial court erred in admitting the videotaped testimony of C, and therefore this court should order a new trial with respect to the two counts relating to C. He further claims that the improperly admitted videotaped testimony so tainted the proceedings that the convictions on the counts relating to J and G must also be overturned and a new trial should be ordered on all counts. We agree.

The state does not dispute the trial court's finding that, as to C, it had failed to satisfy the "clear and convincing evidence" standard set forth in *Jarzbek.* The state argues, however, that the admission of the video-

taped testimony of C, although violative of the defendant's right to confrontation, constituted harmless error with respect to the remaining four counts and therefore the conviction on those four counts should stand. The question before us, therefore, is whether the improperly admitted testimony, which clearly violated the defendant's right to confrontation, so tainted the trial that his conviction on all six counts must be overturned.

"The United States Supreme Court has recognized that certain constitutional protections are so central to the requirement of a fair trial that their violation absolutely requires that the conviction from which they arose be set aside. *Chapman* v. *California,* 386 U.S. 18, 23, 87 S. Ct. 824, 17 L. Ed. 2d 705, reh. denied, 386 U.S. 987, 87 S. Ct. 1283, 18 L. Ed. 2d 241 (1967). In some circumstances, however, violations of other, less basic constitutional rights may be considered harmless and therefore do not compel reversal." *State* v. *Cohane,* 193 Conn. 474, 484–85, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984). We have held that a violation "of the defendant's sixth and fourteenth amendment guarantees of confrontation, does not require an automatic reversal. *United States* v. *Christian,* 786 F.2d 203, 212–13 (6th Cir. 1986)." *State* v. *Milner,* 206 Conn. 512, 528–29, 539 A.2d 80 (1988).[3] On this issue, the state has the burden of proving beyond a reasonable doubt that the error was harmless. *State* v. *Cohane,* supra, 485; *State* v. *Sorbo,* 174 Conn. 253, 257, 386 A.2d 221 (1978); *Aillon* v. *State,* 168 Conn. 541, 547–48, 363 A.2d 49 (1975).

---

[3] In *Coy* v. *Iowa,* 487 U.S.    , 108 S. Ct. 2798, 2803, 101 L. Ed. 2d 857 (1988), the United States Supreme Court noted that it has "recognized that other types of violations of the Confrontation Clause are subject to that harmless error analysis, see, e.g., *Delaware* v. *Van Arsdall,* 475 U.S. [673,] 679, 684, [106 S. Ct. 1431, 89 L. Ed. 2d 674 (1986),] and [it sees] no reason why denial of face-to-face confrontation should not be treated the same."

The evidence in this case was, as the state concedes, "intermingled." C testified to the abuse she herself had suffered as well as to the abuse suffered by her sister and brother. With respect to all three children, C testified as to where the sexual abuse of each child took place, how often it took place and in what manner she and her siblings were sexually abused. In view of the importance of C's testimony to each of the counts of sexual abuse we conclude that the state has not met its burden of proving the error harmless and, therefore, we must remand this case for a new trial on all six counts. See *State* v. *Zwirn,* supra, 587; *State* v. *Jarzbek,* supra, 708.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other justices concurred.