STEPHEN RENEY MEMORIAL FUND *v.*
TOWN OF OLD SAYBROOK ET AL.
(2725)

HULL, BORDEN and DALY, Js.

Argued March 7—decision released May 21, 1985

*James D. Reardon,* for the appellant (plaintiff).

*Michael E. Cronin, Jr.,* with whom, on the brief, was *George J. Kinsley,* for the appellees (named defendant et al.).

*Kevin E. Booth,* for the appellees (intervening defendants Walter Pasieka et al.).

DALY, J. The plaintiff instituted this action for a declaratory judgment to challenge the constitutionality of a zoning ordinance. From a judgment rendered in favor of the defendants, the plaintiff has appealed.

The plaintiff fund, as well as individual members of the fund, have guaranteed the payment of promissory

notes issued for the purchase and construction of night lights to illuminate the defendant town's high school athletic field located in a residential area. The plaintiff had received tentative approval for the construction from the defendant zoning enforcement officer (ZEO) conditioned on compliance with the town's zoning regulations, particularly § 61.6. After the construction and installation had been completed, the ZEO found that the lighting facilities were not in conformance with § 61.6 of the zoning regulations, and issued a cease and desist order. In addition to § 61.6, the ZEO also considered the standards set forth in § 61.1,[1] which concerns land use. The lights were thus not permitted to be turned on.

The plaintiff has specifically challenged the constitutionality of § 61.6, which provides: "Glare and Heat: No light shall be transmitted outside the lot where it originates so as to endanger the public health or safety, including the public safety on any street or highway,

---

[1] Section 61.1 of the zoning regulations of the town of Old Saybrook provides as follows: "General: The use of land, buildings and other structures, wherever located, shall be established and conducted so as to conform to the performance standards hereinafter specified. The performance standards establish certain nuisance factors which if committed or exceeded in the use of land, buildings and other structures will be detrimental to the use, enjoyment and value of other land, buildings and structures, will be detrimental to the public health, safety and welfare and will be contrary to the comprehensive plan of zoning. The Zoning Enforcement Officer is authorized to make surveys and take measurements to determine compliance. No APPLICATION FOR CERTIFICATE OF ZONING COMPLIANCE shall be approved by the Zoning Enforcement Officer and no CERTIFICATE OF ZONING COMPLIANCE shall be issued by him until he has made a determination that the proposed use of land, buildings and other structures will be established and conducted in accordance with the performance standards and with the standards stated in other relevant Town, State and Federal codes, ordinances or regulations, whichever is the more restrictive. The performance standards hereinafter specified shall be of continuing application."

or to impair the value and reasonable use of any other lot. In Residence Districts the source of any lighting located out-of-doors on any lot shall not be visible from any other lot; in other than Residence Districts the source of any lighting located out-of-doors and within 200 feet of a Residence District boundary line shall not be visible at such boundary line.''

The plaintiff claims that § 61.6 is unconstitutional because it is impermissibly vague.[2] The plaintiff also maintains that the defendants are estopped from enforcing this regulation due to the actions of various town officials, and that the court erred in certain evidentiary rulings. We find no error.

We first consider the plaintiff's claim that the trial court erred in concluding that the standard outlined in § 61.6 of the Old Saybrook zoning regulations is an intelligible standard and thus not impermissibly vague.

A statute should be construed so as to give effect to the legislative intent, while keeping in view the object of the statute. This principle is applicable to a zoning ordinance. *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 580, 67 A.2d 5 (1949). The object of zoning, primarily, is to promote the health, safety, welfare and prosperity of the community. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 539, 45 A.2d 828 (1946). The obvious intent of § 61.6 is to reduce glare emanating from outside lights.

"A statute is not to be held unconstitutional unless its invalidity on that ground is established beyond a reasonable doubt. *Adams* v. *Rubinow,* 157 Conn. 150, 152, 251 A.2d 49 [1968]. When the statute will serve to further the welfare of the citizens of the state, we must

---

[2] Although the plaintiff also recites an issue concerning equal protection in its brief, it did not present any argument or authority in support of that claim. We therefore treat this issue as abandoned. *Self-Service Sales Corporation* v. *Heinz,* 1 Conn. App. 188, 190 n.3, 470 A.2d 701 (1984).

make every intendment in its favor. *Legat* v. *Adorno,* 138 Conn. 134, 145, 83 A.2d 185 [1951]." *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission,* 160 Conn. 109, 112, 273 A.2d 880 (1970). " 'As the complexity of economic and governmental conditions increases, the modern tendency is liberal in approving broad regulatory standards so as to facilitate the operational functions of administrative boards or commissions.' " Id., 115.

"As a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the particular facts at issue. . . . To do otherwise, absent the appearance that the statute in question intrudes on fundamental constitutional guarantees, particularly first amendment freedoms, would be to put courts in the undesirable position of considering every conceivable situation which might possibly arise in the application of complex legislation." (Citations and footnote omitted.) *State* v. *Pickering,* 180 Conn. 54, 57, 428 A.2d 322 (1980). " '[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' " Id., 60. "This notion of fair warning is intended to ensure that vague laws do not become a trap for the innocent." Id. In short, a statute must afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited, in order not to be violative of due process. *Seals* v. *Hickey,* 186 Conn. 337, 343, 441 A.2d 604 (1982).

In construing the ordinance, we must be guided only by the accepted meaning of the words we find in the provision. General Statutes § 1-1 (a); *Johnston* v. *Hartford,* 96 Conn. 142, 151, 113 A. 273 (1921). "If the meaning of a statute can be fairly ascertained a statute will

not be void for vagueness since '[m]any statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties." ' " *State* v. *Pickering,* supra, 62. In order to repel a vagueness challenge, "a statute must state its standard with adequate clarity and mark sufficiently distinct boundaries for the law to be fairly administered. Lack of precision, however, is not, in or of itself, offensive to the requirement of due process." *State* v. *Anonymous,* 179 Conn. 155, 164, 425 A.2d 939 (1979).

Here, fair warning is conveyed by § 61.6 that the source of any outside light shall not be visible from any other residential lot. This ordinance is reasonably specific and direct enough so as to afford a person of ordinary intelligence a reasonable opportunity to know what is or is not proscribed by it. Hence, we conclude that the words of § 61.6 at issue are not unconstitutionally vague, because they gave the plaintiff fair warning.

We next turn to the plaintiff's claim that the trial court erred in concluding that the ZEO was not estopped from enforcing the zoning regulations. A municipality may be estopped from enforcing its zoning regulations in special circumstances. A claim of estoppel requires proof of two essential elements: the party against whom the estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. *West Hartford* v. *Rechel,* 190 Conn. 114, 121, 459 A.2d 1015 (1983). In municipal zoning cases, however, estoppel may be invoked "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances

make it highly inequitable or oppressive to enforce the regulations." *Zoning Commission* v. *Lescynski,* 188 Conn. 724, 732, 453 A.2d 1144 (1982).

A municipality may be estopped following erroneous acts of its officers from enforcing its zoning ordinances, as long as those officers act within the scope of their authority. *West Hartford* v. *Rechel,* supra. It is the burden of the person claiming the estoppel, however, to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge. *Dupuis* v. *Submarine Base Credit Union, Inc.,* 170 Conn. 344, 353, 365 A.2d 1093 (1976); *Greenwich* v. *Kristoff,* 2 Conn. App. 515, 522, 481 A.2d 77, cert. denied, 194 Conn. 807, 483 A.2d 275 (1984).

The certificate of zoning compliance issued by the ZEO specifically spelled out that the project "must conform to Paragraph 61.6" and that the applicants acknowledged their "responsibility to conform to all the zoning regulations of the Town of Old Saybrook." We find no unjustifiable inducement on the part of the ZEO.

The plaintiff's final claim involves the refusal of the trial court to permit evidence concerning other violations of this ordinance which were not enforced. Since the plaintiff has failed to comply with Practice Book § 3060F (c) (3), in that the claimed errors have not been properly briefed, we need not consider them.

There is no error.

In this opinion the other judges concurred.