[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Seymour Zoning Board of Appeals (hereafter called the Board), upholding a ruling of the Seymour Zoning Enforcement Officer that an addition to a residence on the property of the plaintiffs' violates the setback requirements of the Seymour Zoning Regulations. The plaintiffs were issued a zoning/start permit to build the addition on September 29, 1987, and the addition was completed some time in the spring or summer of 1988. In June 1989 two neighbors complained to the Zoning Enforcement Officer that the addition violated the side yard setback requirements and infringed on an easement which they had over the plaintiff's property. The Zoning Enforcement Officer wrote to the plaintiffs on June 29, 1989 about the complaint and the problem, but did not issue a cease and desist order at that time. Whether or not a zoning violation existed depended upon the location of the property on the easterly side of the residence, and the Town Zoning Enforcement Officer waited for the results of a survey before taking further action. A neighbor (Magut) obtained a survey showing the addition to be three to four feet from the property line, in violation of the 15 foot setback requirement for the R-15 zone contained in section 4.1. of the zoning regulations.
The Zoning Enforcement Officer then concluded there was a violation and notified the plaintiffs. The plaintiffs appealed the ruling of the Zoning Enforcement Officer to the Zoning Board of Appeals and also filed a variance application. A public hearing was held January 4, 1990 and continued to February 1, 1990 when the variance application was withdrawn. Between the two public hearing dates the surveyor hired by the plaintiffs completed his work and discovered that the addition was only 2.7 feet from the side CT Page 3450 boundary line. The main argument of the plaintiffs at the public hearing and on appeal is vested rights or estoppel in that the town issued permits, the addition was built and the zoning violation was discovered a year or more later, and under the circumstances the town should not be allowed to enforce the setback requirement.
The appeal was denied on February 1, 1990, notice of denial was published on February 9, 1990, and the plaintiffs brought a timely appeal. Since the plaintiffs are the owners of the subject property at 3 Willow Street in Seymour and their application was denied by the board, they have proven aggrievement as required by section 8-8 of the General Statutes. Bossert Corporation v. Norwalk, 157 Conn. 279, 285; Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488.
At the public hearing several of the neighbors interjected a claim that the construction of the addition infringed upon their rights to use a five foot wide easement across the easterly side of the subject property. Both the plaintiffs and the defendants acknowledge that the board does not have the authority to resolve private property disputes, and the rights of the plaintiffs and their neighbors to the easement area will have to be resolved in an independent civil action between them. See also Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 58. For the same reason, the location of the easement and scope of easement rights over the subject property is beyond the scope of judicial review in this appeal. Id, 59. The location of the easement is not material to the setback requirement in the zoning regulations, as setbacks are measured from the property lines.
In an appeal from a decision of the zoning enforcement officer to the zoning board of appeals under sections 8-6 (1) and 8-7 of the General Statutes, the board determines if the zoning regulations were properly interpreted and applied. Where the decision of a zoning board of appeals is appealed to the Superior Court, the court is restricted to determining whether the board's findings are reasonably supported by the record and whether any of the reasons for denial were valid ones for the board's action; the court cannot make its own determination on questions of fact and substitute its judgment for the findings of the board. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 677, 679. The record clearly supports a finding of the Zoning Enforcement Officer and the Board that the addition to the plaintiff's house violates the 15 foot zoning setback requirement. This finding is not disputed by the plaintiffs. CT Page 3451
Ordinarily the court would have to sustain the appeal because the Board's finding was clearly correct. Most of the discussion before it and the only issue raised on appeal is whether, under the circumstances, the town is precluded from requiring compliance with the setback regulation. Issues such as laches, estoppel and vested rights are not the types of issues that a zoning board of appeals is competent to determine. While such claims are more likely to arise in an injunction action to enforce municipal regulations, Bianco v. Darien, 157 Conn. 548,556, these are also proper issues to raise in an appeal from a decision of a zoning board of appeals upholding a decision of the zoning enforcement officer. In at least one case the claim of estoppel based upon conduct of municipal officials was raised in an appeal from a decision of a zoning board of appeals denying a variance. Hebb v. Zoning Board of Appeals, 150 Conn. 539, 542. Moreover, other types of issues which preclude a land use agency from enforcing zoning regulations, such as confiscation, can be decided in an administrative appeal. Troiano v. Zoning Commission,155 Conn. 265, 269; Cioffoletti v. Planning Zoning Commission,209 Conn. 544, 551, 552. A claim that the regulation is unenforceable can be made without having to bring a variance application to the zoning board of appeals. Strom v. Planning Zoning Commission, 153 Conn. 339, 343; DeForest Hotchkiss Co. v. Planning Zoning Commission, 152 Conn. 262, 269n. While Helbig v. Zoning Commission, 185 Conn. 294, 299, 300, dealt with a different legal issue, it supports the concept that a challenge to enforcement of zoning regulations can be made in an administrative appeal on grounds of estoppel, particularly where the same issue is likely to arise in future proceedings. In Smith v. Zoning Board of Appeals of City of Ansonia, 1 Ct. L.R. 497 (July 16, 1990) an estoppel defense was considered in an appeal by landowners from a stop work order issued against their property by a zoning enforcement officer. The doctrine of exhaustion of administrative remedies did not require the estoppel or vested rights issue to be raised before the zoning board of appeals, Bianco v. Darien, supra, 554, 555, although the issue was presented to the board and has been fully briefed on appeal as the only issue. Interests of judicial economy also favor a decision now rather than requiring the plaintiffs to raise it in an injunction action, or by an estoppel defense to a zoning enforcement action brought by the town under section 8-12 of the General Statutes.
While Nils Osterberg owns the subject property jointly with Judi Osterberg, only he was involved with construction of the addition and dealings with town officials. He applied for a building permit and zoning/start permit on September CT Page 3452 21, 1987. He was given a standard form of the Town of Seymour called "Plot Plan" which requested specific information about the property and contained an area for a sketch showing the setback distances from property lines. Osterberg completed the form, showing the five foot wide easement area. He believed the addition would be 16 feet from the side property line, and indicated that on the sketch. The Building Inspector then went to the property and did his own independent verification of the setback after locating what he believed to be the property line. He then indicated to the Zoning Enforcement Officer at that time, John Allen, that a permit could be issued, and Allen issued the zoning/start permit on September 29, 1987. Apparently this was customary procedure, and a letter from the current Zoning Enforcement Officer, Robert Looker, dated July 25, 1989 states that the building inspector traditionally verifies that setbacks are correct (Exhibit 3). When the permit was issued Osterberg, the Building Inspector and the Zoning Enforcement Officer had a good faith belief that the proposed addition measuring 12 feet by 14 feet would be 16 feet from the property line, which was more than the 15 foot minimum setback requirement in the zoning regulations.
Osterberg proceeded to construct the addition himself, putting in about 200 hours of personal labor and spending $3000 to $4000 dollars for materials. The addition was completed in the spring or summer of 1988. [The record does not indicate whether a certificate of occupancy was required for the addition and the record is inconclusive whether it was issued.]
No complaint was made that the addition violated the side yard setback until a neighborhood squabble arose between Osterberg and his neighbor, Magut, in June 1989. Magut and another neighbor contacted Looker, who was then the zoning enforcement officer, and claimed the addition was too close to the property line. Looker made his own investigation on June 28, 1989, concluding that the addition was about six feet from the property line. He wrote to Osterberg and indicated that the apparent violation would have to be corrected by removing the addition, requesting a side yard variance from the Zoning Board of Appeals, or appealing the decision that there was a side yard violation to the Board. On July 25, 1989 Looker wrote to Osterberg's attorney, and sent copies of the letter to Osterberg and Magut. The letter stated that no one had been able to accurately locate the disputed property line. "A zoning/start permit and building permit have been properly issued. The footings were inspected by the Building Inspector on 5/24/88, and permission to proceed was given. The Building Inspector CT Page 3453 traditionally verifies that setbacks are correct. If there is a zoning violation, it is not intentional. Mr. Osterberg proceeded only after having received proper approvals." He concluded that the issue could only be resolved by having the disputed property line located by a qualified land surveyor and that he planned to take no further action on a cease and desist order until then. (Exhibit 3). Magut then had a survey done, which was given to the town in November 1989. The survey indicated that one corner of the addition was 3.15 feet from the side lot line, and the other corner was 3.50 feet away. Osterberg's attorney then filed the applications to the Zoning Board of Appeals and while it was pending obtained another survey, which also showed that the addition violated the side yard setback.
As a general rule, a municipality is not prevented by delay or the doctrine of laches from enforcing its zoning laws. Bianco v. Darien, supra, 556; West Hartford v. Rechel,190 Conn. 114, 120; Wallingford v. Roberts, 145 Conn. 682,685. It is also the general rule that the related doctrine of estoppel does not prevent a municipality from exercising its police power and enforcing zoning regulations. West Hartford v. Rechel, supra, 121; Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353; Bianco v. Darien, supra, 556; State v. Stonybrook, Inc., 149 Conn. 492, 501; Ackley v. Kenyon,152 Conn. 392, 397; Pallman v. East Haven, 135 Conn. 593, 594.
There are exceptions to this general rule, and the plaintiffs' claim that under the facts of this case municipal estoppel allows them to keep the addition even though it violates the setback requirement. One exception is where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its authorized agents. Kimberly-Clark Corporation v. Dubno, 137, 147; Dupuis Submarine Base Credit Union, supra, 354. The cases of West Hartford v. Rechel, supra, 121 and Zoning Commission v. Lescynski, 188 Conn. 724, 732, state that estoppel may be applied to municipal zoning cases "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." See also Dupuis v. Submarine Base Credit Union, Inc., supra, 354; West Hartford v. Gelinas, 18 Conn. App. 688, 691.
The defendants claim that the Building Inspector was not acting within the scope of his authority and that the problem could have been avoided if Osterberg had been more diligent in establishing the property line by obtaining an A-2 survey. One of the requirements for the estoppel doctrine is that the CT Page 3454 violation has been unjustifiably induced by a town official having authority over the issue. This has two related components. The municipal official must be acting within the scope of his authority when he approved a permit resulting in construction which violated the zoning regulations. The municipal official must also be an authorized agent performing an authorized act. For example, statements or actions by a town selectman not involved in the zoning enforcement function is not the basis for a claim of estoppel to enforce the zoning regulations. Hebb v. Zoning Board of Appeals, supra, 542; Zoning Commission v. Lescynski, supra, 733. The official who induces action by the property owner must be an agent of the town who has the duty to enforce the zoning regulations; West Hartford v. Gelinas, supra, 691, 692. This requirement is met where the building inspector was a proper person to issue permits and the proper person to certify that the building was or would be in compliance with existing zoning regulations. West Hartford v. Rechel, supra, 122. While, unlike the practice in some municipalities, the building inspector was not also the zoning enforcement officer, Seymour had a well established practice for the building inspector to go into the field and check the setbacks, and report his findings to the zoning enforcement officer, who would then issue a zoning/start permit. The measuring of setbacks was a zoning inspection and not a building inspection function. The Building Inspector was performing an authorized act as an agent of the Zoning Enforcement Officer and acted within the scope of his authority. The fact that the Building Inspector rather than the Zoning Enforcement Officer himself did the measurements makes no difference.
The inspection of the property by an authorized town official resulting in a conclusion that permits could properly be issued, coupled with Osterberg's reliance on the permits meets the next requirement. The situation here is materially different from where the property owner submits a permit application but intentionally or negligently misrepresents the setback distances, and the town officials, relying upon the statements or map, erroneously issue permits which violate the setbacks. The town here did not rely upon Osterberg's plot plan. The Building Inspector went to the property and made his own determination, basing it upon data in the field, including a steel pipe in the ground which appeared to be the boundary line. Nor is this a situation where the property owner proceeded without permits and then claimed estoppel because the zoning authorities let him build without promptly issuing a cease and desist order. Osterberg checked with the town, obtained permits, and verified at least once during construction that he could proceed. The CT Page 3455 municipal officials were fully aware of what was going on and the proposed use of the property, and Osterberg built in accordance with the permits. The inspection of the property by the Building Inspector on two occasions and the issuance of the permits was sufficient to meet the inducement requirement for the estoppel doctrine. West Hartford v. Rechel, supra, 123. "Inducement for the purposes of estoppel requires a mental state which is a general intent to act rather than a special intent to mislead. It is sufficient if actions are taken with an awareness that they would be relied upon; it is not necessary to prove that the actions were intended knowingly to mislead the party claiming estoppel." Id., 124.
The evidence shows, as the letter from the Zoning Enforcement Officer acknowledged, that Osterberg did not know that the addition violated the setbacks when it was constructed. The location of the property line was not easily ascertained. The Building Inspector initially concluded it would be 16 feet from the addition. After Magut called him, Looker checked the situation himself and found that the addition, which was built where it was supposed to be, was six feet from the line. Even the two A-2 surveys done later were not in agreement. The situation clearly resulted from an honest mistake on the part of both Osterberg and the town officials. As stated in West Hartford v. Rechel, supra, 122:
 "had the municipal agent's conduct been in conformity with zoning regulations, his legally authorized acts would automatically have conferred indefeasible rights upon the claimant. It is only when the municipal agent acts in good faith, within the scope of his authority, but in error, that the occasion for invocation of estoppel can arise. See Jantausch v. Verona, 41 N.J., supra, 89, 95, 124 A.2d 14 (1956); aff'd. 24 N.J. 326, 131 A.2d 881 (1957); See also 3 Rathkopf, supra, section 45.05(3)(d)."
Jantausch v. Verona, supra, discusses three separate situations: (1) where the permit is regularly issued in accordance with the ordinance, it can not be revoked after reliance unless there is fraud; (2) where there is no semblance of compliance with the authorization in the ordinance, the town is not estopped from enforcing it later; (3) when the administrative official in good faith and within the scope of his duties makes an erroneous and debatable interpretation of the ordinance and the property owner in good faith relies upon it, there is also estoppel against later revocation of the permit. The third situation, where CT Page 3456 the administrative official makes a reasonable but erroneous decision, has been called the doctrine of honest error. 3 Rathkopf, Law of Zoning and Planning, section 45.05(3)(d).
Cases where the estoppel defense has succeeded are ones in which town officials acted to issue approvals when they were fully aware of the intended to which a property or structure was to be put. See cases cited in Zoning Commission v. Lescynski, supra, 735. This was the case in West Hartford v. Rechel, supra, 121, 122. In order to establish estoppel the property owner must change his position in reliance on the conduct of municipal officials and thereby incur some injury. Steven Reney Memorial Fund v. Town of Old Saybrook,4 Conn. App. 111, 115; West Hartford v. Rechel, supra, 121. It is clear that Osterberg would not have proceeded to do the construction without obtaining the permits, and he relied upon them and the determination by the Building Inspector that he was not in violation of the side yard requirement. In Buddenhagen v. Czapla, 13 Conn. L. Trib. 40, October 12, 1987, estoppel was found, sufficient to prevent a zoning enforcement action, where an architect presented building plans and the town's building officials approved them without examining them, and construction then occurred according to the plans. Estoppel was also found in West Hartford v. Rechel, 12 Conn. L. Trib. 11, March 17, 1986. Kilbourne v. City of New Britain, 109 Conn. 422, recognizes that there are vested rights to build under a building permit, where substantial construction takes place and where a building is completed in reliance upon permits issued by local zoning authorities.
The defendants also claim that in order to claim estoppel, the plaintiffs have to show that they exercised due diligence to ascertain the truth and that they not only lacked knowledge of the true state of things, but had no convenient means of acquiring that knowledge. See Zoning Commission v. Lescynski, supra, 732, 733; Dupuis v. Submarine Base Credit Union, Inc., supra, 353; Steven Reney Memorial Fund v. Town of Old Saybrook, supra, 116; Greenwich v. Kristoff, 2 Conn. App. 515, 522. On this element, the question is whether the plaintiffs as lay persons could be reasonably expected to undertake an investigation, and if so, whether that investigation would disclose a problem. West Hartford v. Rechel, supra, 1, 124. The defendants claim specifically that they should have obtained an A-2 survey. While it is true that if such a survey had been ordered it would have disclosed a problem, but the question is whether under the circumstances the plaintiffs acted reasonably. The town did not require an A-2 survey. The Building Inspector was apparently experienced in determining CT Page 3457 setbacks and boundary lines and went to the property as soon as Osterberg came in requesting a permit. It is reasonable to assume, and the court finds, that Osterberg relied upon the inspection, and there was no reason to believe then that something further such as a survey was required. Osterberg was a layman, and there was no indication that he has any legal, engineering or surveying skills. While a mistake was made, he justifiably relied upon the iron pins in the ground and the Building Inspector's determination. The situation differs, for example, from Greenwich v. Kristoff, supra, 522, 523, where the property owner was an attorney who knew or should have known of the existence of zoning regulations and that uses on his property were a zoning violation.
When the permits were issued and the town indicated through its authorized agents that the addition could be built, Osterberg reasonably relied upon these actions in commencing and completing construction of the addition. Nothing clandestine occurred. Lots in the area were small and construction would be obvious to owners of neighboring properties. Well over a year went by after permits were issued and construction began before a complaint was made. If the dispute between Osterberg and Magut had not occurred, the problem may have never come up, and after three years the plaintiffs would have a right to continue the addition as a nonconforming use even though it violated the setbacks. Section 8-13a C.G.S. The final element for municipal zoning estoppel is that reliance of the plaintiffs on the actions of the town officials is of such a nature that it is highly inequitable or oppressive to enforce the town's zoning regulations. West Hartford v. Rechel, supra, 124; Zoning Commission v. Lescynski, supra, 732. The plaintiffs incurred considerable time and expense in constructing the addition. It was finished for over a year before the problem was raised. Under the circumstances, it would be unreasonable to require the plaintiffs to tear it down.
As previously noted the easement question is beyond the scope of this appeal and neighbors are not parties to it. The fact that the town can not require removal of the addition for violation of the zoning regulations does not preclude the neighbors from bringing an action to obtain its removal if it violates their easement rights.
While the defendant board properly upheld the Zoning Enforcement Officer's decision that the addition is in violation of the zoning setback requirement, the Town of Seymour, which is a codefendant, can not interfere with the vested rights of the plaintiffs, and is estopped from CT Page 3458 enforcing the setback regulation against the existing addition to the building.
Accordingly, the appeal is sustained.
ROBERT A. FULLER, JUDGE