[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CONSOLIDATE
The parties are before the Court on the plaintiff's motion to consolidate two actions it has brought against two of the Town of East Lyme's Commissions.
In TMK Associates v. East Lyme Conservation Commission, Docket No. 514102, the plaintiff contends that the East Lyme Conservation Commission acted illegally when it revoked the plaintiff's permit. The plaintiff contends said permit was revoked illegally without notice and without an opportunity to be heard and in direct conflict with the State's regulation governing the!revocations of permits.
In TMK Associates v. East Lyme Planning Commission, Docket No. 514305, the plaintiff contends that the defendant erred in concluding that the plaintiff did not have a valid CT Page 6386 wetland permit or, in the alternative, that the defendant should have approved the plaintiff's subdivision application subject to a determination by the Court as to the validity of the plaintiff's wetland permit where the plaintiff's application allegedly satisfied all other subdivision regulations of the Town of East Lyme.
The defendant Planning Commission objects on the basis that in the TMK Associates v. East Lyme Conservation Commission case, a previous motion, dated September 7, 1990, seeking to consolidate these two cases was denied by this Court on October 1, 1990, and to entertain the present motion is a wasteful repetition of this Court's valuable time. The objection is also made on the basis that there are no common issues of law or fact, and that the nature of each proceeding is very distinct and the remedies sought are dissimilar.
Since the present motion to consolidate involves the identical parties as the plaintiff's previously denied motion to consolidate, it is viewed as needlessly repetitious and impinging upon this Court's time and resources.
The defendants previous successful argument opposing the plaintiff's September 7, 1990 motion to consolidate was that the case of TMK Associates v. Town of East Lyme Planning Commission is an administrative appeal arising out of the denial of the plaintiff's application for the approval of a subdivision, whereas the case of TMK Associates v. East Lyme Conservation Commission is a suit seeking a declaratory judgment that Section 7.2 of the Regulations of the Town of East Lyme Conservation Commission is unconstitutional.
The facts, questions of law, and scope of review with regard to both cases are very dissimilar and, therefore, to consolidate would only cause confusion at the time of hearing. The scope of a court's inquiry on a planning commission appeal, is whether, based upon the record available to the court, the commission acted legally and not in abuse of its discretion. McCrann v. Town Planning and Zoning Commission, 161 Conn. 65, 74 (1971). An administrative appeal is confined to the record of the application and public hearings and goes no further if the record is adequate to demonstrate to the court that the commission fairly and reasonably exercised its judgment after a hearing. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466,469 (1982).
In a complaint seeking a declaratory judgment that a particular regulation or statute is illegal, invalid or CT Page 6387 unconstitutional on its face, the court's review is limited to a review of the particular statute to determine whether there is specific statutory authority allowing for the creation of the regulation and whether the regulation fairly apprises the reasonable man of what he is required to do or not to do. Stephen Reney Memorial Fund v. Town of Old Saybrook, et al,4 Conn. App. 111, 113-115 (1985).
The substantive issues of both cases do not arise out of a common act, occurrence or event, nor are the defendants identical, nor is the remedy sought in either case identical, similar or of the nature that the two cases should be consolidated.
The motion to consolidate is denied.
AUSTIN, J.