[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
Attorneys not available.
In this criminal prosecution the defendant is charged with a violation of General Statutes § 8-12 which makes it an offense to violate a local zoning regulation or ordinance. The defendant, who operates a limousine service, is alleged to be parking his limousines at his residence, in violation of the City of New Britain Zoning Ordinances § 240-50-30 which prohibits the parking of more than one commercial vehicle at any residence located in an S-2 Residential District.
The defendant's Motion to Dismiss alleges that he has not violated § 240-50-30 in that his limousines are not commercial vehicles. Because the New Britain Zoning Ordinances do not define commercial vehicles, the defendant urges this court to adopt the definition of that term contained in the state motor vehicle laws, General Statutes § 14-1 et seq. Section 14-1(11) defines a commercial vehicle as a vehicle whose gross weight exceeds twenty six thousand pounds. Because his limousines weigh approximately six thousand pounds the defendant argues that he is not prohibited from parking them at his residence.
The underlying facts and procedural history of this case are not disputed. On July 15, 1992, the Zoning Enforcement Officer for the City of New Britain notified the defendant that an inspection of his property disclosed that the defendant was storing limousines registered to the defendant's business on the defendant's residential property. In October 23, 1992, the City of New Britain Zoning Board of Appeals granted the defendant a six month variance permitting the defendant to operate his limousine service from his residence. On April 28, 1993, after the expiration CT Page 6827-D of the temporary variance, the Zoning Enforcement officer reinspected the property and observed approximately twelve limousines parked on or about the defendant's property. The Zoning officer ordered, but the defendant refused, to remove the limousines within five days. Subsequently the State's Attorney initiated this action by citation, alleging a violation of General Statutes § 8-12,[1] arising out of the defendant's failure to comply with the parking requirements of the New Britain zoning ordinances.
The defendant's house is in an S-2 residential district. Permitted uses in an S-2 zone include single family detached dwellings; churches and other places of worship; parks and playgrounds and schools. Permitted special exception uses include cemeteries, colleges, country clubs, day camps, golf courses, nursery schools and public utility facilities.
New Britain Zoning Ordinance § 240-50 defines the type of off street parking permitted in residential districts. Section 240-50-30 states that "Not more than one commercial vehicle shall be housed or parked in a private garage or off street parking area. Such commercial vehicle shall not exceed a gross motor vehicle weight of 10,000 pounds."
The phrase "commercial vehicle" is neither defined in Ordinance § 240-50 nor in the general definitions contained in § 30 of the Ordinances. The defendant argues, however, that the definition of commercial motor vehicle contained in Title 14 of the General Statutes should be engrafted on the Zoning Ordinances. Specifically, General Statutes § 14-1(11) states:
 "Commercial motor vehicle" means a vehicle designed or used to transport passengers or property . . . or a recreational vehicle, which (A) has a gross vehicle weight rating of twenty-six thousand and one pounds or more; (B) is designed to transport sixteen or more passengers, including the driver, or is designed to transport more than ten passengers, including the driver, and is used to transport students under the age of twenty-one years to and from school. . . .
Defendant asserts, and the state does not dispute, that the gross weight of his limousines is approximately 6,000 pounds. He argues that if the definition of commercial motor vehicle contained in general Statutes § 14-1(11) is adopted his `Limousines are not commercial vehicles' since they do not have a "gross motor vehicle rating of more than twenty six thousand and one CT Page 6827-E pounds or more." It follows, he reasons, that under this definition he is not in violation of § 240-50-30. Resolution of defendant's claim requires a consideration of the language and purpose of the relevant provisions of the New Britain Zoning Ordinances.
A number of principles guide this court's determination. The first is that "[a] zoning ordinance is a local legislative enactment, and in its interpretation the question is the intention of the legislative body as found from the words employed in the ordinance."Lawrence v. Zoning Board of Appeals, 158 Conn. 509,511 (1969). The second is that the rules governing the construction of statutes apply with equal force to the construction of zoning ordinances. Harlow v. Planning Zoning Commission,194 Conn. 187, 193 (1984). Construction of a zoning ordinance must be done with the recognition that "[t]he object of zoning, primarily, is to promote the health, safety, welfare and prosperity of the community." Stephen Reney Memorial Fund v. Old Saybrook,4 Conn. App. 111, 113 (1985).
The court's objective in construing a statute or ordinance is to ascertain the intent of the drafters. Id. "Where the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated. . . . The words employed are to be interpreted in their natural and usual meaning." Harlow v. Planning Zoning Commission, supra, 193 (cites omitted). Further, "[w]hat appears to be clear statutory language should not be read to arrive at an `ambiguous or unreasonable result' or to `defeat a legislative intent which becomes evident when the statute is read in the light of its history and purpose. . . .' Statutes should be considered as a whole, reconciling their separate parts so that a reasonable overall interpretation is achieved." Visco v. Cody, 16 Conn. App. 444, 451
(1988) (citations omitted).
As previously noted, commercial vehicle is not defined in the New Britain Zoning ordinances. Section 30-10-60 does specify that when a term is not defined it is to be given its "ordinarily accepted meaning, or such meaning as the context may imply." Black's Law Dictionary defines commercial motor vehicle as "those used primarily for business and industry as contrasted with pleasure vehicles, e.g. trucks." Black's defines commercial as "relates to or is connected with trade and traffic in general; is occupied with business and commerce." A commercial motor vehicle, in its ordinary and customary sense, then, refers to a vehicle used in business or commerce. CT Page 6827-F
The nature and purpose of the New Britain Zoning Ordinances suggests that commercial vehicle should be given its ordinarily accepted meaning, and not the more restrictive, technical meaning contained in General Statutes § 14-1(11). A general, non-technical definition is consistent with the nature of an S-2 zone and the apparent purpose for the limitation on the parking of commercial vehicles in that zone. In an S-2 zone, the principal permitted use is single family residences. Other permitted and special exception uses include schools, houses of worship, parks and recreation areas. An S-2 zone, in short, is principally residential with some allowance for non-residential purposes that are not inconsistent with a residential neighborhood. In line with that overall purpose, parking is limited to no more than one commercial vehicle weighing less than ten thousand pounds per residence. A limitation on the number and size of commercial vehicles is therefore fully consistent with the S-2 zone and the permitted uses in that zone.
Although the plain language and purpose of the Zoning Ordinances suggest that commercial vehicle should be understood in its ordinary sense, the defendant argues that the definition of that term, as used in the state motor vehicle statutes, § 14-1 et seq., should be adopted. The defendant, however, fails to demonstrate how that restrictive definition in the motor vehicle laws — whose purpose is far different than the zoning regulations — would advance the purpose and goal of the New Britain zoning ordinances. Indeed, if the defendant's definition is accepted, S-2 residential neighborhoods would be required to host limousines, trucks or any other large commercial vehicle weighing less than twenty six thousand pounds. Such a result is inconsistent with the nature and quality of an S-2 zone and is neither warranted nor justified by the literal language of § 240-30-50 nor by its underlying purpose.
In this case the defendant has been operating a limousine service from his home. The allegations indicate that on at least one occasion he had parked on his property twelve limousines. Indisputably the defendant has been conducting a limousine business from his premises. Under these circumstances the limousines qualify as commercial vehicles in that they are "used primarily for business and industry as contrasted with pleasure." Accordingly, the defendant's motion to dismiss is denied.
Holzberg, Judge CT Page 6827-G