[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Carl Seaquist and twelve other named individuals filed this appeal of the decision of the defendant liquor control commission granting a grocery store beer permit to defendants Stephen Cornell and KMart Corporation, allowing the sale of beer at Super KMart Center in New Haven. The defendants moved to dismiss the appeal. The plaintiffs amended their appeal to eliminate all plaintiffs except Seaquist and to allege that Seaquist is a resident and taxpayer of New Haven. Presently before the court is the defendants' motions to dismiss.
The basis of the defendants' motions is that Seaquist has not adequately pleaded aggrievement and in fact is not legally aggrieved by the granting of the permit to KMart. CT Page 4058
The original plaintiffs filed their appeal and asserted standing and the court's jurisdiction on the basis of General Statutes § 30-60. That statute permits an appeal by "any ten residents who have filed a remonstrance . . . and who are aggrieved by the granting of a permit." Seaquist conceded at oral argument on the motion that § 30-60 does not authorize this appeal because there are not ten appellants. Seaquist also does not claim that he is classically aggrieved. Instead, Seaquist argues that he is not required to establish classical aggrievement because the appeal involves a liquor license and he is a resident taxpayer of New Haven, citing Beard's Appeal,64 Conn. 526 (1894); Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184 (1996); and Hartford Distributors, Inc. v. LiquorControl Commission, 177 Conn. 616 (1979). Plaintiff Seaquist's claims may not be sustained.
The parties submitted evidence concerning Seaquist's residence, including his deposition. Based on all of the evidence, the court finds that Seaquist is a taxpayer of New Haven, but he is not a resident of New Haven. He is a resident of Northford, an area of North Branford.
The Beard's Appeal and Jolly, Inc. cases do hold that a taxpayer of the municipality need not establish classical aggrievement in order to appeal the decision of a local zoning board allowing the sale of alcoholic beverages within the municipality. But this case does not involve a local zoning board; rather, it was the state licensing agency that rendered the decision under review. The Hartford Distributors case does not salvage the plaintiff's appeal here. The court in that case noted that the appellant did not satisfy even the threshold requirements of Beard's Appeal, so it never dealt with the crucial distinction between an appeal from the decision of a local zoning board and an appeal from the decision of a state agency.
The primary objective of zoning is to promote the health, safety, welfare and prosperity of the community. Stephen ReneyMemorial Fund v. Old Saybrook, 4 Conn. App. 111, 113 (1985). Every taxpayer in the community presumably has a strong interest in those objectives, and it is for that reason that our courts have been more generous in permitting appeals of zoning decisions which allow the sale of liquor, without requiring a showing of some unique aggrievement. Jolly, Inc. v. ZBA, supra, CT Page 4059237 Conn. 197. By contrast, the decision of the state liquor control agency does not protect the same interests to the same degree as the zoning ordinances do. General Statutes § 30-44 provides, "The Department of Consumer Protection shall refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance of any city or town." Thus, the department grants a permit only after taxpayers and residents have already had the opportunity to assert their opposition; that is, by opposing the zoning ordinances which allow the disputed activity.
Appeals from state administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). In the present case, § 30-60
creates the right to appeal a decision granting a liquor permit under certain specific conditions. It is undisputed that plaintiff Seaquist, being a single appellant and not classically aggrieved, does not meet those conditions. It is equally clear that no other statute grants him the right to appeal.
The appeal is dismissed.
MALONEY, J.