ALFRED J. RIOUX *v.* STATE ETHICS COMMISSION*

Superior Court        Judicial District of     File No. CV960472653
Hartford-New Britain at New Britain

Memorandum filed March 4, 1997

* Affirmed. *Rioux* v. *State Ethics Commission*, 48 Conn. App. 214, 706 A.2d 1390 (1998).

*Pizzella & Pizzella,* for the plaintiff.

*Gregory T. D'Auria* and *Susan Q. Cobb,* assistant attorneys general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

MCWEENY, J. In this case, the plaintiff, Alfred J. Rioux, challenges the defendant state ethics commission's decision finding that he had violated the state code of ethics (General Statutes § 1-84 [c]) while serving as high sheriff of Hartford county.

The plaintiff is authorized to bring this appeal pursuant to General Statutes §§ 1-87 and 4-183.

The facts underlying the decision are not in dispute as the parties submitted a stipulation of facts to the state ethics commission. The essential facts are that the plaintiff served as high sheriff of Hartford county from 1987 to 1995. During the period from April, 1990, to February, 1993, the plaintiff referred service of process requests directed to him to certain deputy sheriffs to accomplish the service of process. The fee for the service when received would be shared, with 60 percent going to the sheriff who performed the service, and 40 percent going to the plaintiff.

The plaintiff also billed the law firm of Riscassi & Davis a $15 "service fee" in addition to the statutory service fees set forth in General Statutes §§ 52-261 and 52-261a. This fee compensated the plaintiff for advice regarding service methods, reviewing process for errors, advancement of substantial funds for filing fees and short-term responsiveness.

The plaintiff also directed two state employee subordinates to perform tasks associated with the referral

of service of process business, such as typing returns and processing bills. These employees were not compensated by the plaintiff for these tasks.

The state ethics commission's decision found the service of process fee sharing, the $15 additional service fee and use of the employees for the service of process business to constitute separate violations of § 1-84 (c). The plaintiff was fined $7000 for such violations.

The plaintiff's brief sets forth six claims of error. Three claims relate to the evidentiary basis of the decision. The other arguments raise constitutional issues of equal protection of the law and challenge the constitutionality of the statute on the grounds of vagueness and overbreadth.

A basis principle of administrative law is that the scope of the court's review of an agency's decision is very limited. Section 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." *Jutkowitz* v. *Dept. of Health Services*, 220 Conn. 86, 94, 596 A.2d 374 (1991).

Furthermore, "[j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Connecticut Light & Power*

*Co.* v. *Dept. of Public Utility Control,* 219 Conn. 51, 57–58, 591 A.2d 1231 (1991). *Nevertheless,* where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act,* 209 Conn. 381, 385–86, 551 A.2d 724 (1988). "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980).

"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *Freedom of Information Commission,* 208 Conn. 442, 452, 545 A.2d 1064 (1988).

In the present case, this court is in the unusual situation of having the benefit of our Supreme Court's guidance not only as to the law, but to the facts as well. In *Antinerella* v. *Rioux,* 229 Conn. 479, 642 A.2d 699 (1994), the plaintiff's fee splitting arrangements were

found to be violative of General Statutes §§ 6-36 and 6-46. *Antinerella* involved a discharged deputy sheriff's suit against the plaintiff alleging that the deputy's dismissal was to further the plaintiff's illegal fee splitting arrangement. The case was before the Supreme Court on an appeal from the granting of a motion to dismiss Antinerella's case.

In discussing the public policy exception to the employment at-will rule the court held: "Application of that doctrine is particularly appropriate under the facts and circumstances of this case when, according to the allegations considered to be true for purposes of the motion to dismiss, the defendant has acted to accomplish what statutes specifically prohibited him from doing. Sections 6-36 and 6-46 reflect the clear public policy that a high sheriff may not engage in fee splitting." Id., 493.

The facts that were alleged in *Antinerella* are essentially those that are stipulated in this case. "At or around [1990], the defendant [Rioux] entered into agreements with several deputy sheriffs he had appointed. Under the agreements, the defendant was to forward business he had obtained from law firms and state agencies to designated deputy sheriffs who would thereafter serve process, and, in turn, pay him 40 percent of the statutory rate . . . ."[1] Id., 481–82.

The plaintiff argues that this is mere dicta. In overturning the motion to dismiss, however, the court had to address the plaintiff's assertion that since General Statutes § 6-45 authorized him to terminate deputies' employment at-will, he could not have been operating in excess of his statutory authority. Further, it was argued that the claim of business interference could

---

[1] The plaintiff alleges a significant difference as to the flow of money. The holding in *Antinerella*, however, is addressed to fee splitting by the high sheriff, without regard to the mechanics by which it is accomplished.

not stand because of the deputy's at-will employment status. Id., 491–92. The court dealt with the plaintiff's claims by applying the public policy exception to the at-will employment rule based on finding a "clear public policy" against "fee splitting" by high sheriffs. Id., 493.

The undisputed facts are that the plaintiff, as high sheriff, engaged in fee splitting, which our Supreme Court has found contravenes public policy expressed in §§ 6-36 and 6-46.

The factual challenges as to the $15 service fee are unconvincing. Sections 52-261 and 52-261a set forth in detail the fees each officer or person who serves process "shall receive for each service." The statutes indicate that the server of process may charge "not more than" the specified fee plus mileage, copies and endorsements. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." (Internal quotation marks omitted.) *Zachs* v. *Groppo*, 207 Conn. 683, 693, 542 A.2d 1145 (1988). Nowhere is there mention of an additional service fee or fee for advice, review, advancement of funds or short-term responsiveness. The stipulation supports the determination of the impropriety of the $15 service fee.

The finding as to the use of the state compensated employees to conduct the service of process business, is challenged on the basis of the high sheriff's authorization to continue with his service of process business. General Statutes § 6-33. The finding regarding this issue is as follows: "With respect to both of his state-employed clerical staff . . . [Rioux] violated § 1-84 (c) by filing to pay them for their performance of duties associated with his own service of process and the service of process performed by his deputies, from which he derived income . . . a practice which took

unfair advantage [of] his subordinates. . . ."[2] The court need not resolve the question of whether a high sheriff may require his subordinates to assist him in his service of process business. Unquestionably, he may not use his subordinate employees in furtherance of an illegal fee splitting scheme or an illegal service of process business that charges excessive service of process fees. The finding rests on the plaintiff's use of the employees in the fee splitting scheme and his own service of process business. The use of the subordinate employees in the fee splitting business constituted an improper use of his public office for financial gain.

The plaintiff's equal protection claim is utterly unpersuasive. The plaintiff seeks to rely on the state ethics commission's decisions on complaints he filed to support a conclusion that he is being denied equal protection of the law. The complaints are not part of the record, and are not public records pursuant to General Statutes § 1-82a (a) (ethics complaints confidential in absence of probable cause finding by state ethics commission).

The only other factual underpinning of the equal protection claim is the reference to the stipulation that fee splitting had occurred among deputy sheriffs.

The answer to that claim is that the "equal protection clause mandates like treatment for all persons who are similarly situated." *Darak* v. *Darak*, 210 Conn. 462, 473, 556 A.2d 145 (1989). The high sheriff, who is elected pursuant to General Statutes § 9-182, appoints the deputy sheriffs who serve as at-will employees. General Statutes § 6-45; *Antinerella* v. *Rioux*, supra, 229 Conn. 492. He exercises greater authority and receives higher

---

[2] The court construes this finding as being directed at the use by the plaintiff of subordinate state employees for illegal purposes. Whether they should have been separately compensated or were unfairly treated is not critical to such finding.

compensation than a deputy sheriff. See General Statutes §§ 6-31, 6-33, 6-40 and 6-41. The high sheriff and his deputies are not similarly situated persons.

The plaintiff's claim that § 1-84 (c) is unconstitutionally "overbroad" is similarly wide of the mark. "A clear and precise enactment may . . . be overbroad if in its reach it prohibits constitutionally protected conduct." (Internal quotation marks omitted.) *State* v. *Linares*, 232 Conn. 345, 364, 655 A.2d 737 (1995). "A single impermissible application of a statute, however, will not be sufficient to invalidate the statute on its face; rather, to be invalid, a statute must reach ' "a substantial amount of constitutionally protected conduct." ' *Houston* v. *Hill*, 482 U.S. 451, 458, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987) . . . ." (Citations omitted.) *State* v. *Williams*, 205 Conn. 456, 472, 534 A.2d 230 (1987).

The plaintiff asserts only that the present case involves the prohibition of his legal conduct.[3]

The plaintiff's conduct in charging excess service of process fees, fee splitting and using subordinate employees to further such practices was illegal. There is no assertion that constitutional rights were implicated or of scenarios whereby this statute could reach constitutionally protected conduct.

The final challenge is that § 1-84 (c) is constitutionally void for vagueness. "As a matter of the due process of law required by our federal and state constitutions, 'a penal statute must be sufficiently definite to enable a person to know what conduct he must avoid.' " *State* v. *Proto*, 203 Conn. 682, 696, 526 A.2d 1297 (1987); *State*

[3] The plaintiff's counsel's response to *Antinerella* v. *Rioux*, supra, 229 Conn. 479, was that the Supreme Court was wrong in finding fee splitting by this very same high sheriff clearly violative of public policy and §§ 6-36 and 6-46. The plaintiff's thirty-one page brief fails even to cite *Antinerella*, which sets forth the very facts that underlie the present case, and holds that the fee splitting was illegal.

v. *Pickering*, 180 Conn. 54, 59–60, 428 A.2d 322 (1980); see also *Buckley* v. *Valeo*, 424 U.S. 1, 77, 96 S. Ct. 612, 46 L. Ed. 2d 659 (1976).

The plaintiff does not assert that constitutionally protected rights (other than the due process of law) are threatened by this application of § 1-84 (c), nor does he offer other circumstances that would implicate rights of free speech or association, which would necessitate the application of a more stringent vagueness test. *State* v. *Linares*, supra, 232 Conn. 355; *State* v. *Indrisano*, 228 Conn. 795, 803–804, 640 A.2d 986 (1994).

Section 1-84 (c) provides in pertinent part that "[n]o public official . . . shall use his public office . . . to obtain financial gain for himself . . . ."

The plaintiff claims both facial vagueness in that the statute is not specific enough to put anyone on notice as to ethical violations, and, that as applied to him, it failed to put him on notice that fee splitting and the added service fee would constitute ethical violations.

In order to prevail on its claim of facial vagueness the plaintiff "must demonstrate that the statute has no core meaning. Put another way, a determination that the statute is not vague with respect to at least one application will defeat [a] facial challenge. This burden is augmented by [the] strong presumption . . . in favor of the statute's constitutionality." *Benjamin* v. *Bailey*, 234 Conn. 455, 484, 662 A.2d 1226 (1995).

The application of the statute to the plaintiff resolves both vagueness claims. Fee splitting by a high sheriff has been held to be illegal. "Sections 6-36 and 6-46 reflect the clear public policy that a high sheriff may not engage in fee splitting." *Antinerella* v. *Rioux*, supra, 229 Conn. 493. It is even more apparent from §§ 52-266 and 52-266a that a sheriff may not charge an additional $15 service fee for service of process.

The core meaning of § 1-84 (c) is apparent and was properly applied in the present case. It is unavailing for the plaintiff to argue that he could not know that statutory violations directed specifically toward his conduct in office would constitute ethical violations.

The standards of review for a trial court require deference to an administrative agency's application of the statutes it is empowered to administer and enforce. *Griffin Hospital* v. *Commission on Hospitals & Health Care*, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986); *New Haven* v. *Freedom of Information Commission*, 205 Conn. 767, 774, 535 A.2d 1297 (1988).

It is even more fundamental to our system of justice for the Superior Court to follow the holding of the Supreme Court, especially here, as they are not only legally but factually on all fours.

The appeal is dismissed.