[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to dismiss the risk of injury count against him, asserting, that as applied to the facts of this case, the statute is unconstitutionally vague and overbroad. The motion was argued at a pre-trial hearing. Having considered the arguments, memoranda, and facts, the motion to dismiss is DENTED.
The defendant, Michael Gebreselassie, was arrested in one count for Risk of Injury to a minor in violation of CGS § 53-21(1). Pursuant to P.B. § 41-8(8), the defendant filed a pre-trial motion to dismiss the risk of injury count asserting two separate constitutional grounds in support of his motion: The statute, as applied to the facts of this case, is: (1) unconstitutionally vague in violation of State and Federal due process rights; and (2) overbroad in that the speech used to form a basis for his arrest was constitutionally "protected speech." Pursuant to P.B. § 41-8, the Court heard argument on the motion at a pre-trial hearing. The State and the defendant submitted memoranda to the Court in support of their argument. The sworn and notarized police report (Court's Exhibit # 1) was stipulated into evidence as the basis for the Court's following factual findings.
On November 18, 2000, in Hartford, near 236 Sisson Ave., two ten year old girls were approached by a twenty-one year old male who asked them if they would like to see a grown man's sexual parts. The girls immediately ran toward the apartment building at 236 Sisson Ave. The male ran after them but tripped on the sidewalk as he was chasing them. The male was not familiar to the girls. The girls were able to get inside the building where they told the security guard, Mr. Ivan Hernandez, what had just CT Page 2088 occurred. They then pointed out the suspect who was walking toward a gas station. Within minutes, the police arrived and saw a black male wearing black pants, a brown leather coat and a black shirt standing in the parking lot of the gas station. This person fit the description dispatched to police, so they detained him until they made contact with Mr. Hernandez who had called in the complaint. He informed police that the suspect they were holding was the same person that the girls had identified to him immediately after the incident. The two young girls, who appeared to be "very scared", identified Mr. Gebreselassie as the man who had approached them.
 VAGUENESS
The challenged statute reads as follows: "any person who willfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child shall be. . . . . . ." § CGS 53-21.
"The party attacking a validly enacted statute, bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt . . ." Statev. Ross, 230 Conn. 183 (1994).
"In order to surmount a vagueness challenge, a statute must afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." State v. Payne, 240 Conn. 766, 777 (1997).
"As a general rule, the constitutionality of a statutory provision being attacked as void for vagueness is determined by the statute's applicability to the particular facts at issue." State v. Pickering,180 Conn. 54 (1980).
"References to judicial opinions involving the statute . . . may be necessary to ascertain a statute's meaning to determine if it gives fair warning." State v. Pickering, supra, 62-63.
Guided by these well-established legal principles, the Court's determinative inquiry on the issue of vagueness is whether a person of ordinary intelligence would comprehend that this defendant's conduct would be in violation of the first part of CGS § 53-21.
The defendant relies heavily on State v. Shriver, 207 Conn. 456 (1988) to support his position. In that case, our Supreme Court overturned a conviction holding that as applied to an adult stranger who lifted up a CT Page 2089 thirteen year-old girl and told her he "just wanted to feel her," the statute was unconstitutionally vague. His reliance is misplaced. The defendant in Shriver was charged with violating part two of § 53-21, the "any act" section. Mr. Gebreselassie is charged with violating thepart one of § 53-21, the "such a situation" section. In Payne, the court spoke very clearly re Shriver's limitation and the difference between the two distinct prohibitions of the risk of injury statute. There, an adult male forced three young boys to urinate in a cup so he could turn it in to his drug program, and then gave each of the boys one dollar. "This court ruled in Shriver, that the second part, which prohibits `acts' likely to injure the health or morals of a child, was limited to protecting the bodily integrity of a child. . . .By contrast, the first part of § 53-21 prohibits the willful creation of a `situation' likely to impair the health [or morals] of a child and thus encompasses the protection of the body as well as the safety and security of the environment in which the child exists, and for which the adult is responsible. The plain language of the first part of § 53-21
indicates the legislature's understanding that there is a broad class of intentional conduct that can put a child's well-being seriously at risk without any physical contact by the perpetrator." Id.
The Payne court went further and held that the health component of part one of § 53-21 encompassed mental health. Id, at 776.
Furthermore, since Shriver, there have been numerous cases decided on part one of § 53-21 which clearly show that section to be much broader than part two upon which Shriver was decided. The most instructive isPayne, but other appellate decisions since 1988 make it clear that the courts are putting potential violators on notice that part one will protect the compelling interest that the state has in protecting its children from illegal conduct. State v. Tirado, 21 Conn. App. 449
(1990), (upheld conviction for kissing, exposure, and requesting sexual contact); State v. Palangio, 24 Conn. App. 300 (1991), (upheld conviction for photographing minors in various states of undress); State v. Erzen,29 Conn. App. 591 (1992), (upheld conviction for exposing self to two minors in a playground); State v. Cutro, 37 Conn. App. 534 (1995), (upheld conviction of a defendant who masturbated in his car in a mall parking lot with the twelve year old victim several cars away); State v.Branham, 56 Conn. App. 395 (2000), (conviction upheld for leaving three minor children home alone for approximately one hour).
It is clear to this Court that there are many ways to create asituation that would violate the statute. It can be one act or a course of conduct. The plain words of the statute support that conclusion and the numerous Appellate decisions serve notice to potential violators. In CT Page 2090 this case, the defendant approached, made sexually suggestive remarks, and chased two ten year-old girls as they ran in fear. A person of ordinary intelligence has adequate notice that this course of conduct offends § 53-21(1).
 OVERBREADTH
The defendant, with little conviction, asks the court to dismiss both the risk of injury count and the breach of peace count on the basis that his spoken words constituted "protected speech" under the First Amendment to the U.S. Constitution.
"[Words] are not constitutionally protected per se, however, but must be viewed in the context of the circumstances during which the utterances were made". State v. Weber, 6 Conn. App. 407, 414 (1986).
"It rarely has been suggested that the constitutional freedom for speech and press extends its immunity to speech and writing used as an integral part of conduct in violation of a valid criminal statute". Statev. Palangio, 24 Conn. App. 300, 305 (1991).
The defendant's speech was only part of the course of conduct which gave rise to his arrest on both the risk of injury and the breach of peace charges. He approached, made sexual remarks, and chased two ten year-old girls. On the risk of injury charge, the speech may be considered in conjunction with the other conduct to see if taken together, they create a situation protected by that statute. On the breach of peace charge, the speech with his other actions, must be considered on the issue of his intent. In neither case, is the defendant being charged on the basis of speech alone.
 CONCLUSION
On the vagueness issue, the defendant's motion to dismiss is DENIED. On the overbreadth issue, the defendant's motion to dismiss is DENIED.
Philip A. Scarpellino, Judge CT Page 2091