[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 4020
The defendant, Dennis Robinson (hereinafter "Robinson"), moves to dismiss the information in the above-captioned matter on the following grounds:
1) There is insufficiency of evidence or cause to justify the bringing or continuing of such information or placing of the defendant on trial;
2) The law defining the offense charged is unconstitutional as applied to this defendant or otherwise invalid; and
3) The prosecuting authority is equitably estopped from prosecuting the defendant.
The defendant was arrested pursuant to an arrest warrant for an incident that took place on January 22, 1999. The warrant prepared by the Connecticut state police charged Robinson with Unlawful Discharge of a Firearm in violation of General Statutes § 53-203. The allegations are that on the evening of January 22, 1999 at about 8:00 p.m., Robinson fired his "Ruger" .30 caliber rifle outside his back door and that he fired five to six rounds. A result of Robinson's acts, a bullet entered through the wall of a neighbor's home. After forensic review of the bullet, it was determined that the bullet was fired from Robinson's rifle. The warrant for Robinson's arrest was dated April 21, 1999.
Subsequent to Robinson's arrest, the Connecticut state police ran a record check of Robinson. The record check revealed that Robinson had been convicted previously (in 1980) of Assault 2nd Degree pursuant to General Statutes § 53a-60. Assault 2nd Degree is a Class D felony. Therefore, Robinson was a convicted felon. A search warrant was obtained for Robinson's residence by the state police. As a result of the search, a 410 gauge shotgun, Make: Harrington Richardson — Serial #AU 487219, was found in Robinson's residence and seized. An arrest warrant issued on July 12, 1999, additionally charged Robinson with possession of a firearm by a convicted felon pursuant to General Statutes § 53a-217.
Robinson's motion to dismiss pursuant to Practice Book § 41-8
relates to the additional charge under General Statutes § 53a-217
against Robinson. An evidentiary hearing on the motion was held before this court on February 7, 2001.
Practice Book § 41-8 allows the defendant being prosecuted to file a motion to dismiss for the following reasons:
CT Page 4021
 The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information:
 (1) Defects in the institution of the prosecution including any grand jury proceedings;
 (2) Defects in the information including failure to charge an offense;
(3) Statute of limitations;
 (4) Absence of jurisdiction of the court over the defendant or the subject matter;
 (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial;
(6) Previous prosecution barring the present prosecution;
 (7) Claim that the defendant has been denied a speedy trial;
 (8) Claim that the law defining the offense charged is unconstitutional or otherwise invalid; or
(9) Any other grounds.
The court notes that based on Robinson's motion to dismiss, he has relied on subdivisions (5), (8) and (9) as grounds to dismiss this information.
The court has reviewed Robinson's memorandum of law in support of his motion to dismiss, the state's objection and response thereto, Robinson's reply to the state's objection, as well as, the evidence and testimony provided at the hearing on Robinson's motion.
The court finds that as to the first ground of Robinson's motion, which would be pursuant to subsection (5) of § 41-8, Robinson failed to brief the issue or provide any evidence in support. In addition, Practice Book § 41-9[1] does not allow a defendant the right to make a motion to dismiss on information on this ground if the arrest was made pursuant to a warrant. Since Robinson was arrested pursuant to a warrant on this information, Robinson's motion to dismiss on this ground is CT Page 4022 denied.
Robinson's third ground to for dismissal, that the prosecuting authority is equitably estopped from prosecuting the defendant, also fails. This ground was briefed by Robinson in his reply brief, however, this ground falls under § 41-8 (9). Again, as found previously by this court, Robinson is restricted from a moving to dismiss on this ground pursuant to § 41-9 as cited previously. Therefore, Robinson's motion to dismiss on this ground is also denied.
Robinson also moves to dismiss pursuant to § 41-8 (8). Robinson is permitted to pursue this ground by way of a motion to dismiss the information even if the arrest was made pursuant to a warrant.
Robinson's claim is that § 53a-217, as it was in effect on January 20, 1999, when applied to the defendant, was unconstitutional as it violates the due process provisions of the constitutions of the United States and Connecticut.
Section 53a-217 as in effect on January 20, 1999, reads as follows:
 Criminal possession of a firearm or electronic defense weapon: Class D felony
 (a) A person is guilty of criminal possession of a firearm or electronic defense weapon when he possesses a firearm or electronic defense weapon and (1) has been convicted of a capital felony, a class A felony, except a conviction under section 53a-196a, a class B felony, except a conviction under section 53a-86, 53a-122
or 53a-196b, a class C felony, except a conviction under section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive, 53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216, or (2) has been convicted as delinquent for the commission of a serious juvenile offense, as defined in section 46b-120. For the purposes of this section, "convicted" means having a judgment of conviction entered by a court of competent jurisdiction.
 (b) Criminal possession of a firearm or electronic defense weapon is a class D felony, for which two years of the sentence imposed may not be suspended or reduced by the court.
CT Page 4023 Section 53a-217 was further amended later in 1999 to read as it does presently.[2]
Initially, the court must perform an analysis of § 53a-217 under Connecticut's well established principles of statutory construction. "The process of statutory interpretation involves a reasoned search for the intention of the legislature."
Elliot v. Waterbury, 245 Conn. 385, 393 (1998).
The court's review process was stated by the Connecticut Supreme Court in Rivera v. Double A Transportation, Inc., 248 Conn. 21, 25 (1999):
 [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . .
(Brackets in original; internal quotation marks omitted.)
Robinson argues that when being convicted of Assault in the 2nd
Degree in 1980, § 53a-217 did not prohibit the possession of all firearms by a previously convicted felon, but only prohibited certain weapons such as pistols, and revolvers. The ownership and possession of long arms or rifles was not prohibited. The statute was amended by Number91-212 of the 1991 Public Acts (P.A. 91-212) which replaced pistol and revolver with the word "firearm." Robinson argues that the amendment to the statute did not provide him with notice that possession of a rifle or longarm would be in violation of the statute since he was a prior convicted felon as defined by the statute.
In reviewing the legislative history of P.A. 91-212, the court finds the following in support of the legislative intent surrounding the amendment to § 53a-217.
 Yes, thank you, Madam President. The bill makes a Class "D" felony to possess any kind of firearm after having been convicted of certain enumerated crimes. Currently that is the condition for certain weapons, pistol, revolver, electronic defense weapons, stun gun, things of that nature. This would just make it CT Page 4024 clear that any firearm, anyone who has already been convicted of these particular crimes is then arrested and convicted of a subsequent crime using any firearm would be subjected to a Class "D" felony.
34 S. Proc., Pt. 6, 1991 Sess., p. 2191, remarks of Senator Anthony V. Avallone.
"The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) State v.DeFrancesco. 235 Conn. 426, 435, (1995); see also State v. Gurreh,60 Conn. App. 166, 171, cert. denied, 255 Conn. 916 (2000).
The court, therefore, finds that the legislature's intent was clear and unambiguous, not only by the legislative history, but also from plain reading and meaning of § 53a-217.
This leads the court to review Robinson's due process claim. Robinson argues that the act of possessing a firearm is a passive act and therefore he was required to be given notice by the State of Connecticut that his act of possessing a firearm (emphasis added) would be in violation of § 53a-217. Robinson claims that the State of Connecticut needed to notify him as a prior convicted felon that § 53a-217 was amended to include all firearms. Robinson further argues that he was lulled in to a false sense of security that he was not violating §53a-217 because the state of Connecticut, through its department of environmental protection, had issued to him hunting licenses for every year subsequent to the amendment of § 53a-217 in 1991 until his arrest in 1999. Robinson claims he was entitled to fair warning of the statute's effect upon him as a prior convicted felon and therefore the statute is unconstitutional as it violates his due process rights.
"The party claiming a constitutional violation bears the heavy burden of proving that the challenged policy has no reasonable relationship toany legitimate state purpose." (Emphasis in original; internal quotation marks omitted.) State v. Matos, 240 Conn. 743, 750 (1997). In State v.Gurreh, supra, 60 Conn. App. 175-76, the court stated the constitutional review standard as follows:
 Our Supreme Court has opined that "[i]n our assessment of whether the statute passes constitutional muster, we proceed from the well recognized jurisprudential principle that [t]he party attacking a validly enacted CT Page 4025 statute . . . bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt and we indulge in every presumption in favor of the statute's constitutionality. . . . The constitutional injunction that is commonly referred to as the void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless law enforcement. . . . Thus, [i]n order to surmount a vagueness challenge, a statute [must] afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited.
(Brackets in original.)
On the issue of notice, the court in State v. Schriver, 207 Conn. 456,460 (1988), quoting Kolender v. Lawson, 461 U.S. 352, 357-58,103 S.Ct. 1855,75 L.Ed.2d 903 (1983), stated that "the more important aspect of the vagueness doctrine is not actual notice, but . . . the requirement that a legislature establish minimal guidelines to govern law enforcement." (Internal quotation marks omitted.)
In State v. Proto, 203 Conn. 682, 696 (1987), the Supreme Court reaffirmed the following due process principles regarding penal statutes:
 As a matter of the due process of law required by our federal and state constitutions, a penal statute must be sufficiently definite to enable a person to know what conduct he must avoid. . . . The void for vagueness doctrine requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent arbitrary and discriminatory enforcement Smith v. Goguen, 415 U.S. 566, 572-73, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).
(Citations omitted; internal quotation marks omitted.)
Finally, this court relies on the seminal Connecticut case of State v.Pickering, 180 Conn. 54 (1980), for the standard of review of a statute on the claim that it is void for vagueness. At issue in State v.Pickering was the constitutionality of General Statutes § 53-21, Risk of Injury to a Minor. The defendant claimed the denial of fair warning regarding the ramifications of the statute. The court held as follows:
CT Page 4026
 A long line of United States Supreme Court decisions have established a basic principle to be considered when a statute is under attack as void for vagueness. It may be described as a fair warning principle which mandates that as a matter of due process a penal statute must be sufficiently definite to enable a person to know what conduct he must avoid.
 "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. . . .
 This notion of fair warning is intended to ensure that vague laws do not become a trap for the innocent. . . . Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear.
 It has been recently stated that [a]ll the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden. Thus, a penal statute may survive a vagueness attack solely upon a consideration of whether it provides fair warning.
(Brackets in original; citations omitted; internal quotation marks omitted.) See State v. Pickering, supra, 59-61.
Based on the standard of review as defined, this court must now review the facts and circumstances in the present case to determine whether a person of ordinary intelligence would understand that Robinson's acts were prohibited under § 53a-217.
CT Page 4027
The court, as stated earlier, has already found that § 53a-217 is clear and unambiguous. The court concludes that a person of ordinary intelligence would know that possession of a firearm by a convicted felon as defined by § 53a-217 on January 20, 1999, would be in violation of the statute. The defendant has failed to provide the court with evidence that § 53a-217 is unconstitutional beyond a reasonable doubt.
The court rejects Robinson's claim of failure to provide fair warning. The court is persuaded that Robinson received constitutionally adequate notice of the penalties he found by the plain reading of the § 53a-217.
Therefore, the defendant's motion to dismiss is denied.
Agati, J.